**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**CHARLES EDWARD SCRIVENS**                                         **PETITIONER**

**V.**                                              **CIVIL ACTION NO. 5:10cv81-DCB-MTP**

**BRUCE PEARSON**                                                             **RESPONDENT**

## **REPORT AND RECOMMENDATION**

THIS MATTER is before the court on the Petitioner's Motion for Injunctive Relief [14]. Having considered the submissions of the parties and the applicable law, the undersigned recommends that the Motion [14] be DENIED.

### FACTUAL BACKGROUND

Petitioner Charles Edward Scrivens is serving an aggregated sentence of 180 months after having been convicted of Conspiracy to Possess with Intent to Distribute Cocaine, Marijuana and Cocaine Base in violation of 21 U.S.C. §§ 841(A)(1), and Possession of Firearm in Relation to a Drug Offense in violation of 18 U.S.C. § 924(C). *See* Petition [1]; Ex. 1 to Answer [12-1]. Petitioner is currently incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi ("FCC Yazoo City"). Petitioner's projected release date is March 29, 2011. *See* Ex. 1 to Answer [12-1].

Petitioner's petition challenges a disciplinary hearing that occurred at the Federal Correctional Complex in Coleman, Florida. *See* Petition [1] and Memo. [2]. Petitioner was subsequently transferred to FCC Yazoo City.

In his motion for injunctive relief [14],[1] Petitioner claims that he was placed in

---

[1]Petitioner filed an identical motion in another habeas case pending before this Court. *See* Motion [10], Case No. 5:10cv97-DCB-MTP.

administrative detention by staff at FCC Yazoo City on July 10, 2010, without notice as to the reason for his detention. He alleges that he was placed in detention in retaliation for filing two habeas petitions against the Respondent,[2] and to deter him from pursuing said petitions. He seeks an order from the Court directing the Bureau of Prisons (BOP) to release him from administrative detention and ordering Respondent and his subordinates to refrain from further harassment, punishment or any conduct that would deter him from pursuing his habeas petitions.

ANALYSIS

As an initial matter, a habeas petition is not the appropriate vehicle for claims such as retaliation and harassment, as they challenge the nature and conditions, rather than the validity or duration, of Petitioner's confinement. Instead, these claims should be asserted in a civil rights complaint. *See*, *e.g.*, *Spencer v. Bragg*, 310 F. App'x 678, 679 (5th Cir. Feb. 18, 2009) (holding that claims relating to conditions of confinement - including retaliation - should be brought in civil rights action rather than § 2241 habeas petition); *Cook v. Hanberry*, 592 F.2d 248, 249 (5th Cir. 1979) ("The sole function of habeas corpus is to provide relief from unlawful imprisonment or custody, and it cannot be used for any other purpose"; therefore, it "is not available to prisoners complaining only of mistreatment during their legal incarceration."). Accordingly, Petitioner's claims of retaliation are not an appropriate basis for habeas review and his motion for injunctive relief on this basis should be denied.

Moreover, even if Petitioner's retaliation claims were properly asserted in this action, his motion for injunctive relief should be denied as Petitioner has failed to satisfy the requisite

---

[2] Petitioner is referring to the instant petition and the petition filed in Case No. 5:10cv97-DCB-MTP.

elements as set forth below. A party requesting a temporary restraining order or preliminary injunction must demonstrate each of the following: 1) a substantial likelihood of success on the merits; 2) a substantial threat that failure to grant the injunction will result in irreparable injury; 3) the threatened injury must outweigh any damage that the injunction will cause to the adverse party; and 4) the injunction must not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell,* 248 F.3d 411, 419 n.15 (5th Cir. 2001). "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury." *Lewis v. S.S. Baune,* 534 F.2d 1115, 1121 (5th Cir. 1976).

To prevail on a retaliation claim, Petitioner must allege "(1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999). Petitioner "must allege more than his personal belief that he is the victim of retaliation." *Jones*, 188 F.3d at 325. Mere conclusionary allegations of retaliation are insufficient; Petitioner "must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred." *Id.* (internal citations and quotations omitted).

Petitioner must "allege the violation of a specific constitutional right and be prepared to establish that *but for the retaliatory motive* the complained of incident ... would not have occurred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir.1995) (emphasis added). Most importantly, "[t]o assure that prisoners do not inappropriately insulate themselves from disciplinary actions by drawing the shield of retaliation around them, *trial courts must carefully scrutinize these claims*." *Id.* (emphasis added).

3

Petitioner claims that he was placed in administrative detention by staff at FCC Yazoo City on July 10, 2010, without notice as to the reason for his detention. He alleges that he was placed in detention in retaliation for filing two habeas petitions against the Respondent, and in an effort to deter him from pursuing said petitions.

The record reflects that on July 10, 2010, Lieutenant Carolyn Polk responded to an alarm from Unit 1A sounded by Correctional Officer Dixon. *See* Ex. 1 to Response [16-1], Declaration of Carolyn Polk at ¶ 4. The Unit Officer sounded the alarm to report a fight between inmates. *Id.* Upon arriving at Unit 1A to provide assistance, Lieutenant Polk learned that Officer Dixon was not able to identify the inmates that were fighting, as all the inmates in the area scattered upon Officer Dixon's arrival. *Id.* at ¶ 5.

In order to investigate and determine who was fighting, Lieutenant Polk ordered all inmates to leave the television room and return to their cells. *Id.* She also ordered all inmates to remove their shirts in order to submit to a hand and upper body check, to determine who was fighting. *Id.* Lieutenant Polk then proceeded to examine each inmate for bruising, swelling, or cuts. *Id.*

When Lieutenant Polk arrived at Petitioner's cell, he refused to remove his shirt and became argumentative. *Id*. at ¶ 6. After further conversation with Lieutenant Polk, Petitioner remained combative and refused to remove his shirt. *Id.* Petitioner's behavior was hindering and interfering with Lieutenant Polk's investigation and the completion of her job. Accordingly, Lieutenant Polk placed Petitioner in the Special Housing Unit pending the investigation of the fight and for investigation of a potential violation of BOP rules for refusing to follow a staff person's order. *Id*.

Lieutenant Polk verbally informed Petitioner of the reasons for his placement in detention. *Id.* at ¶ 7. Additionally, Petitioner was provided with a copy of the Administrative Detention Order on July 10, 2010 at approximately 8:50 p.m, which stated the reasons he was placed in detention. *Id.* at ¶ 7; *see also* Ex. 3 to Response [16-3].

The Court agrees with Respondent that Petitioner's wholly conclusory allegations are insufficient to establish a valid claim for retaliation. *Jones*, 188 F.3d at 324-25. Petitioner has failed to establish "*but for the retaliatory motive* the complained of incident ... would not have occurred." *Woods*, 60 F.3d at 1166. Indeed, according to the unrebutted testimony of Lieutenant Polk, she did not learn of Petitioner's pending habeas petitions until after the instant motion was filed. *See* Ex. 1 to Response [16-1] at ¶ 3.

Based on the foregoing, Petitioner has failed to demonstrate a substantial likelihood of success on the merits. Moreover, Petitioner has failed to demonstrate a substantial threat that he will suffer irreparable injury if the injunction is not granted. Accordingly, Petitioner is not entitled to the extraordinary remedy of injunctive relief.

## RECOMMENDATION

As Petitioner has failed to demonstrate the elements necessary to receive the requested injunctive relief, it is the recommendation of the undersigned that Petitioner's Motion for Injunctive Relief [14] be DENIED.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The

District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED this the 20th day of August, 2010.

s/ Michael T. Parker
United States Magistrate Judge