IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**CHARLES EDWARD SCRIVENS # 20569-018**                 **PETITIONER**

**V.**                       **CIVIL ACTION NO. 5:10cv81-DCB-RHW**

**BRUCE PEARSON, Warden**                       **RESPONDENT**

### REPORT AND RECOMMENDATION

BEFORE THE COURT is the *pro se* Petition of Charles Edward Scrivens for a Writ of Habeas Corpus [1] filed May 6, 2010, pursuant to 28 U.S.C. § 2241. Having considered the submissions of the parties, all matters made a part of the record in this case, as well as applicable law, the undersigned is of the opinion that the Petition should be dismissed with prejudice.

#### Procedural History and Facts

Charles Edward Scrivens was convicted of conspiracy to possess with intent to distribute cocaine, marijuana and cocaine base in violation of 21 U.S.C. §§ 841(A)(1), and possession of a firearm in relation to a drug offense in violation of 18 U.S.C. § 924(C). At the time he filed this petition, he was incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi, and had a projected release date of March 29, 2011. The Bureau of Prisons website indicates that Scrivens was released on April 27, 2011, and this is corroborated by Scrivens' April 29, 2011 filing of [28] a change of address to show that he now resides in Kissimmee, Florida.

In his Petition, Scrivens challenges an incident report which led to his being found guilty of a June 6, 2009 assault on a fellow inmate in violation of Bureau Code 224, while he was incarcerated at the Coleman Federal Correctional Complex (FCC Coleman) in Florida. Scrivens contends the Disciplinary Hearing Officer (DHO) violated his due process rights by (1) failing to give notification of the reasons for delay in providing him a copy of the incident report; (2) failing to consider conflicting evidence; (3) depriving him of the opportunity to present documentary evidence at the disciplinary hearing; and (4) by not assessing the credibility of the inmate who

accused Scrivens of the assault.  The relief Scrivens seeks in the instant petition is restoration of the 27 days of good time he forfeited as a result of being found guilty of the infraction.[1]

The incident report arose from an assault resulting in contusions to the head of inmate Ronnie Delaughter on June 6, 2009 around 7:30 a.m. at FCC Coleman.  Although no one witnessed the assault, prison officials investigating the matter found Scrivens to have marks on his hands indicating he had hit something, and placed him in administrative detention pending further investigation of the matter.  The Bureau of Prisons investigation was suspended while the case was referred to law enforcement for investigation of criminal charges, but resumed when the case was returned to the Bureau on July 23, 2009.  Scrivens was provided a copy of the incident report the same day.  When Lieutenant James Earl concluded his investigation, finding the charges supported, the matter was referred to the Unit Disciplinary Committee (UDC) for further disposition.  Following review by the UDC on July 27, 2009, the case was referred to the Disciplinary Hearing Officer (DHO) because of the severity of the charges, and an administrative disciplinary hearing was held September 9, 2009.  Scrivens was read his rights before the DHO, indicated he understood his rights and was ready to proceed.  Recreation Specialist McCook served as Scrivens' staff representative, and during the hearing Scrivens made statements denying the charges against him, stating he was on the recreation yard when the assault occurred.  The witnesses Scrivens requested, inmate Rick Goins and Mr. McCook both verified that Scrivens went to the recreation yard on the date of the assault, but neither knew what time Scrivens left the yard.  DHO Alice Lloyd Cladd found Scrivens committed the conduct charged, relying on the written report, medical reports and photographs from the incident, and taking into consideration Scrivens' statements, as well as those of McCook and inmate Goins. [12-5]  As previously stated,

---

[1] Scrivens filed [15] a motion for injunctive relief in this matter on July 23, 2010, claiming prison officials were retaliating against him for filing this and another habeas petition (*Scrivens v. Pearson*, 5:10cv97-DCB-RHW).  By order [26] entered March 28, 2011, U.S. District Judge David C. Bramlette denied injunctive relief, adopting Magistrate Judge Michael T. Parker's August 20, 2010 Report and Recommendation [17].

the sanction imposed was disallowance of 27 days of good conduct time and "30 days disciplinary segregation (suspended for 180 days clear conduct)."   [12-2, pp. 2-4], [12-3], [12-4], [12-5].

## Law and Analysis

Disallowance of good conduct time which will result in extension of an inmate's confinement requires that the inmate be afforded due process.  *Wolff v. McDonnell*, 418 U.S. 539 (1974).  *Wolff* holds that due process is satisfied in prison disciplinary hearings when the inmate receives a finding from an impartial decision maker, and is given (1) at least 24 hours advance written notice of the charges; (2) an opportunity to present documentary evidence and testimony from witnesses; (3) help from other inmates or staff, if needed; and (4) a written statement of the evidence relied on and the reason for the disciplinary action.  *Id.*, 418 U.S. at 563-70.  The record evidence before this Court indicates that all these safeguards were met in the case at bar: Scrivens was provided notice of the charges on July 23, 2009, well over 24 hours in advance of the disciplinary hearing; he was afforded the opportunity to, and did, present evidence/testimony of another inmate and his staff representative; he had the assistance of a staff representative at the hearing; and he was provided a written statement of the evidence DHO Cladd, an impartial decision maker, relied upon in imposing the disciplinary action.  In *Superintendent, Massachusetts Correctional Institution v. Hill,* 472 U.S. 445 (1985), the Supreme Court set out the constitutional evidentiary standard to be used in judicial review of prison disciplinary actions, holding that due process is satisfied if there is "some evidence" to show that the inmate committed the offense.  "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."  *Id.*, 472 U.S. at 455-56; *see also*, *Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981)(" No de novo review of the disciplinary board's factual finding is required, but the courts must consider whether at least the decision is supported by 'some facts' 'whether any evidence at all' supports the action taken by prison officials.")  The record before this Court contains evidentiary support for the DHO's decision.

Finally, the undersigned finds Scrivens' petition is moot, as restoration of good conduct time cannot be granted since Scrivens is no longer in custody.

## **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Scrivens' petition for habeas relief be dismissed with prejudice.

## **NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi* (Dec.1, 2011), after service of a copy of this Report and Recommendation, each party has fourteen days to serve and file written objections to the Report and Recommendation. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned District Judge. Within seven days of service of the objection, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection.

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 22nd day of February, 2012.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE